UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
COURT FILE NO.: _____

| | |
|---|---|
| TODD A. BURGE,<br><br>　　　　　　　Plaintiff,<br>v.<br><br>ACCOUNTS RECEIVABLE SERVICES, LLC DBA RELIANCE RECOVERIES<br><br>　　　　　　　Defendant. | **COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

## NATURE OF ACTION

1. This action arises out of Defendant Accounts Receivable Services, LLC's, dba Reliance Recoveries ("Defendant"), violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA"), including false and misleading, abusive, and unfair collection practices, and Minnesota state common law.

## JURISDICTION AND VENUE

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692 *et seq.* and 28 U.S.C §§ 1331 and 1367.

3. Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this district, where Plaintiff resides in this district, and where Defendant transacts business in this district.

## THE FAIR DEBT COLLECTION PRACTICES ACT

4. Congress enacted the FDPCA to "eliminate abusive debt collection practices, to ensure that debt collectors who abstain from such practices are not completely disadvantaged, and to promote consistent state action to protect consumers." *Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA*, 559 U.S. 573, 577 (2010) (citing 15 U.S.C. § 1692(e)).

5. "[T]he FDCPA is a broad remedial statute that imposes strict liability on debt collectors; its terms are to be applied 'in a liberal manner.'" *Cordes v. Frederick J. Hanna & Associates, P.C.*, 789 F. Supp. 2d 1173, 1175 (D. Minn. 2011) (quoting *Owens v. Hellmuth & Johnson, PLLC*, 550 F. Supp. 2d 1060, 1063 (D. Minn. 2008)).

6. "The FDCPA is a remedial, strict liability statute which was intended to be applied in a liberal manner." *Picht v. John R. Hawks, Ltd.*, 77 F. Supp. 2d 1041, 1043 (D. Minn. 1999).

7. "In evaluating whether a debt collection letter is false, misleading, or deceptive in violation of § 1692e, the letter must be viewed through the eyes of an unsophisticated consumer." *Peters v. Gen. Serv. Bureau, Inc.*, 277 F.3d 1051, 1055 (8th Cir. 2002).

8. The unsophisticated consumer standard is "designed to protect consumers of below average sophistication or intelligence, but they also contain an 'objective element of reasonableness.'" *Peters v. Gen. Serv. Bureau, Inc.*, 277 F.3d 1051, 1055 (8th Cir. 2002) (quoting *Gammon v. G.C. Services Ltd. Partnership*, 27 F.3d 1254, 1257 (7th Cir. 1994).

9. Therefore, a debt collector is liable for engaging in conduct that could mislead the unsophisticated consumer even if the debt collector did not intent to mislead, and even if the consumer is not actually mislead.

## PARTIES

10. Plaintiff, Todd A. Burge (hereinafter "Plaintiff"), is a natural person who at all relevant times resided in the State of Minnesota, County of Scott, and City of Savage.

11. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

12. Defendant is an entity in the business of debt collection services, is incorporated under the laws of the State of Minnesota, is licensed to do business in the State of Minnesota and regularly conducts business in Minnesota, and has a principal place of business located at 6160 Summit Drive, Suite 420, Brooklyn Center, Minnesota 55430

13. Defendant, at all relevant times, was engaged, by use of the mail and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. § 1692a(5).

14. Defendant is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

15. Plaintiff allegedly incurred financial obligations with the following nine medical providers: Shakopee Clinic Allina Health, Minneapolis Cardiology Associates, United Pain Center, St. Francis Hospitalist Service, United Hospitalist Service, Allina Behavioral Health Services, United Hospital, St. Francis Medical Center, and

3

      Savage Clinic Allina Health, all of whom are creditors as that term is defined by 15 U.S.C. § 1692a(4).

16. The alleged obligation was primarily for personal, family or household purposes—namely, personal medical services, which is an alleged "debt" as that term is defined by 15 U.S.C § 1692a(5), namely a consumer debt.

17. Sometime prior to August 27, 2018, the alleged debts were consigned, placed, sold, assigned or otherwise transferred to Defendant for collection from Plaintiff.

18. In connection with the collection of the alleged debts, Defendant sent a packet of letters, fifty-three (53) in total, all dated August 27, 2018, to Plaintiff's home address, 13252 Williamsberg Drive, Savage, Minnesota 55378. (*See* Exhibit A)

19. All fifty-three (53) of the letters, dated August 27, 2018, were addressed to Plaintiff.

20. The August 27, 2018 packet of letters was Defendant's initial communication with Plaintiff with respect to the alleged debts.

21. Among other information, Defendant's August 27, 2018 packet of letters provides various "Service Dates," ranging from January 22, 2013 to October 11, 2017, and various "Account Balances," totaling over $10,000.00. (*See* Exhibit A)

22. Fifty-one (51) of the letters lists the "Patient" as Dena M. Burge and two (2) of the letters lists the "Patient" as Mason M. Burge, which is the daughter of Plaintiff and Dena Burge. (*See id.*)

23. Plaintiff is married to Dena Burge but lives alone at the above-mentioned address.

24. Mrs. Burge lives at a completely different address and has not resided with Plaintiff since June of 2014.

4

25. Under Minnesota Statutes, a spouse is not liable to a creditor for any debts of the other spouse where husband and wife are not living together. *See* Minn. Stats. § 519.05(a).

26. Defendant's mailings, addressed to Plaintiff in an attempt to collect fifty-three (53) alleged medical debts where Plaintiff is not listed as the patient and is not liable under Minnesota law, constitute: 1) conduct the natural consequence of which is to harass, oppress, or abuse Plaintiff in connection with the collection of a debt; 2) false, deceptive, and misleading representations in connection with the collection of a debt; and 3) unfair or unconscionable means to collect or attempt to collect any debt, in violation of the FDCPA, 15 U.S.C. §§ 1692d, 1692e, and 1692f, respectively.

27. That as a result of Defendant's conduct, Plaintiff has incurred actual damages in the form of anxiety, stress, feelings of hopelessness, restlessness and sleepless nights, as well as other forms of emotional distress.

28. Plaintiff has also incurred actual damages under the FDCPA in the form of out-of-pocket expenses, such as attorney's fees, as a result of Defendant's acts and omissions.

## **RESPONDEAT SUPERIOR LIABILITY**

29. The acts and omissions of Defendant's employees who were employed as agents by Defendant, and who communicated with Plaintiff as more fully described herein, were committed within the time and space limits of their agency relationship with their principal, Defendant.

30. The acts and omissions by Defendant's employees were incidental to, or of the same general nature as, the responsibilities the agents were authorized to perform by Defendant in collecting consumer debts.

31. By committing these acts and omissions against Plaintiff, Defendant's employees were motivated to benefit their principal, Defendant.

32. Defendant is therefore liable to Plaintiff through the Doctrine of Respondeat Superior for the intentional and negligent acts, errors, and omissions done in violation of state and federal law by its collection employees, including but not limited to, violations of the FDCPA and Minnesota law, in its attempts to collect the alleged debts from Plaintiff.

## **TRIAL BY JURY**

33. Plaintiff is entitled to and hereby demands a trial by jury. U.S. Const. amend. VII; Fed. R. Civ. P. 38.

## **CAUSES OF ACTION**

### **COUNT I.**

**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT – 15 U.S.C. § 1692,** *et seq.*

34. Plaintiff hereby incorporates by reference all preceding paragraphs of this Complaint as though fully stated herein.

35. The foregoing acts of the Defendant constitute distinct violations of the FDCPA against the Plaintiff herein, including but not limited to, each and every one of the above cited provisions of the FDCPA, 15 U.S.C § 1692, *et. seq.*

36. As a result of said violations, Plaintiff has suffered actual damages in the forms of fear of getting the mail, humiliation, anger, anxiety, emotional distress, fear, frustration, and feelings of guilt or worthlessness, amongst other negative emotions, and therefore Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1) of the FDCPA.

37. As a result of said violations, Plaintiff has incurred out-of-pocket expenses and is therefore entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1) of the FDCPA.

38. As a result of said violations, Plaintiff is entitled to statutory damages of $1,000.00 from Defendant, and for Plaintiff's attorneys' fees and costs pursuant to 15 U.S.C. § 1692k(a)(2)(A) and 15 U.S.C. § 1692k(a)(3).

## COUNT II.

### INVASION OF PRIVACY – Intrusion Upon Seclusion

39. Plaintiff hereby incorporates by reference all preceding paragraphs of this Complaint as though fully stated herein.

40. Defendant engaged in intentional and deliberate actions when it mailed Plaintiff a communication in connection with the collection of a debt that was false, deceptive, misleading, and both an unfair and unconscionable means to collect or attempt to collect any debt.

41. Defendant's intrusion was substantial, highly offensive to Plaintiff, and would be highly offensive and objectionable to any reasonable person in Plaintiff's position.

42. Plaintiff had a legitimate expectation of privacy in his solitude, seclusion, and

private concerns and affairs.

43. As a result of Defendant's intrusion, Plaintiff has suffered emotional distress, out-of-pocket loss, and is entitled to an award of actual damages in an amount to be determined at trial.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully prays that this Court enter the following judgment, in his favor:

### COUNT I: FDCPA VIOLATIONS

- For a declaration that Defendant's conduct violated the FDCPA and injunctive relief;
- For an award of statutory damages of $1,000.00 for the Plaintiff herein, for violations of the FDCPA pursuant to 15 U.S.C. § 1692k(a)(2)(A), against Defendant;
- For an award of costs and reasonable attorneys' fees under the FDCPA pursuant to 15 U.S.C. § 1692k(a)(3), against Defendant, for Plaintiff herein;
- For an award of actual damages, costs and reasonable attorneys' fees pursuant to 15 U.S.C. §1692k(a)(1) against Defendant herein, in an amount to be determined at trial; and
- For such other and further relief as this Court may deem just and proper.

### COUNT II: INVASION OF PRIVACY

- For an award of actual damages in an amount to be determined at trial; and
- For such other and further relief as this Court may deem just and proper.

Dated: September 28, 2018.                    Respectfully submitted,


By: s/Hans W. Lodge

Hans W. Lodge, Esq. (0397012)
Blake R. Bauer, Esq. (0396262)
**FIELDS LAW FIRM**
9999 Wayzata Blvd.
Minnetonka, MN 55305
Telephone: (612) 370-1511
Facsimile:  (612) 370-4256
Email: Hans@FieldsLaw.com
Email: Blake@FieldsLaw.com

***ATTORNEYS FOR PLAINTIFF***

## VERIFICATION OF COMPLAINT AND CERTIFICATION BY PLAINTIFF

STATE OF MINNESOTA )
) ss
COUNTY OF Scott )

I, Todd A. Burge, having first been duly sworn and upon oath, depose and say as follows:

1. I am the Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information, and belief, formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.

Todd A. Burge

Subscribed and sworn to before me
This 21 day of September 2018.

s/ Anna B. Zolotonosov
Notary Public



ANNA B ZOLOTONOSOV
NOTARY PUBLIC - MINNESOTA
My Commission Expires Jan. 31, 2021

10

# EXHIBIT 1



PO Box 29227
Minneapolis MN 55429-0227

ELECTRONIC SERVICE REQUESTED



6160 Summit Drive Suite 440
Brooklyn Center MN 55430-2149
(763) 561-9120   (800) 247-2009

August 27 2018
6016644

Todd Burge
13252 Williamsberg Dr
Savage MN  55378-1766

Reliance Recoveries
PO Box 29227
Minneapolis MN 55429-0227

Re:   Reliance Account #:  6016644
      Account With:  St Francis Hospitalist Service
      Patient:  Dena M Burge
      Client Account #:  60137730
      Service Date:  01/09/16
      Account Balance: $827.99

Dear Todd Burge,

Your above referenced account has been assigned to Reliance Recoveries for collection. Our client's records indicate that your account is delinquent for the full amount listed.

Please read the following statement carefully.

Unless you notify this office within thirty days after receiving this notice that you dispute the validity of the debt or any portion thereof, this office will assume the debt is valid. If you notify this office in writing within thirty days of receiving this notice, this office will obtain verification of the debt or obtain a copy of a judgment, if any, and will mail you a copy of such judgment or verification. If you request from this office in writing within thirty days after receiving this notice, this office will provide you with the name and address of the original creditor if different from the current creditor.

Respectfully,

Reliance Recoveries


This communication from a debt collector is an attempt to collect a debt and any information obtained will be used for that purpose.

This collection agency is licensed by the Minnesota Department of Commerce.

If you feel that your concerns have not been addressed, please contact Reliance Recoveries first and allow us the opportunity to try and address your concerns. If you continue to have concerns that have not been addressed, you may contact the Minnesota Attorney General's Office, which can be reached at 651-296-3353 or 1-800-657-3787.

You can make payment on your account 24 hours a day by calling our automated system at (763) 561-9120 or (800) 247-2009.